# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**DONNA CHER JOHNSON**                                            **PLAINTIFF**

                                                               **NO. 3:18CV00072-JMV**

**COMMISSIONER OF SOCIAL SECURITY**                         **DEFENDANT**

## FINAL JUDGMENT

This cause is before the court on Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying claims for a period of disability and disability insurance benefits and supplemental security income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The court, having reviewed the administrative record, the briefs of the parties, and the applicable law, and having heard oral argument, finds as follows:

Consistent with the court's ruling from the bench during a hearing held January 31, 2019, the court finds the ALJ's residual functional capacity ("RFC") assessment is not supported by substantial evidence in the record. First, the ALJ failed to properly apply the severity standard to the claimant's headaches/migraines impairment at step two of the sequential evaluation process in view of the vast amount of evidence of lengthy treatment for uncontrolled headaches, which treatment included numerous prescription medication changes, a prescription for a TENS unit, and stress management therapy. Next, the ALJ's determination that the claimant could perform "frequent" manipulative, handling, and reaching activities with her upper extremities has no medical or other basis in the record in view of the volume of objective evidence dating from October 2015 through February 2017 indicating pain, severe limitations in range of motion, swelling, numbness, and paresthesia.

On remand, the ALJ must reconsider the claimant's physical RFC. The ALJ must *either* obtain medical source statements from the claimant's treating physicians; *or* order a physical consultative examination and provide the consultative examiner with copies of all the relevant medical evidence in the file; *or* provide all the medical evidence in the file to a medical consultant for review. Nothing in the court's decision, however, prevents the ALJ from adopting a combination of or all of these measures. In any case, the ALJ must obtain from the physician a function-by-function assessment of physical RFC that takes into account the claimant's upper extremity impairments and headaches/migraines. To the extent the ALJ needs clarification of or further explanation for any medical opinion, the ALJ must request it from the appropriate physician prior to rendering a new decision. Ultimately, the ALJ must make a new RFC determination that is supported by substantial evidence in the record. Further, the ALJ must provide an explanation, supported by substantial evidence in the record, for rejecting any physician's opinion. And, to the extent necessary, the ALJ must obtain supplemental vocational expert evidence on the issue of whether there is any work the claimant can perform, considering all her limitations.

**IT IS, THEREFORE, ORDERED AND ADJUDGED that this case is REVERSED and REMANDED for further proceedings.**

This, the 6th day of February, 2019.

/s/ Jane M. Virden
U. S. MAGISTRATE JUDGE