IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**DONNA CHER JOHNSON**                                                  **PLAINTIFF**

                                                                                 **NO. 3:18CV00072-JMV**

**COMMISSIONER OF SOCIAL SECURITY**                            **DEFENDANT**

**O R D E R**

Before the Court are Plaintiff's motion for an award of $8,317.84 in attorney fees pursuant to § 206(b)(1) of the Social Security Act, 42 U.S.C. § 406(b)(1) [29]; Defendant's response [25]; and Plaintiff's reply [26]. For the reasons that follow, Plaintiff's request for approval of a payment to her counsel of $8,317.84 from her past-due benefits is GRANTED.

Donna Cher Johnson filed an action in this Court on March 26, 2018, to appeal the Commissioner's decision denying her applications for disability benefits. On February 6, 2019, this Court entered a final Judgment [19] that reversed the case and remanded it to the Social Security Administration (the "Agency") for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). After the Court's reversal and remand, the Commissioner issued a fully favorable decision and on July 20, 2020, issued a Notice of Award of past-due benefits in the amount of $78,772.00. Plaintiff filed the instant motion on July 23, 2020.

In his response to the motion, the Commissioner states he "has no legal position as to the appropriateness or reasonableness of Counsel's request because he is not the true party in interest" and "instead, . . . plays a part in the fee determination resembling that of a trustee for the claimants." Nevertheless, the Commissioner points out the effective hourly rate requested by

counsel here ($456.43) for 30 hours of court-related representation "is more than twice the reasonable value for attorney's non-contingency work in this jurisdiction."

The Court appreciates the Commissioner's recitation of the applicable law and observation and assures the parties it is well aware of its obligation to independently review the fee request and ensure it satisfies the statutory requirement of yielding a reasonable result. Having fulfilled its obligation, the Court finds the fee request in this case is reasonable.

Pursuant to 42 U.S.C. § 406(b)(1)(A), when a court "renders a judgment favorable to a claimant . . . who was represented before the court by an attorney," the court may award "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." "[T]he 25% cap applies only to fees for representation before the court, not the agency." *Culbertson v. Berryhill*, 139 S. Ct. 517, 522, 202 L. Ed. 2d 469 (2019). Fees under § 406(b) satisfy a client's obligation to her counsel and, accordingly, are paid out of the plaintiff's social security benefits. *See Orner v. Shalala,* 30 F.3d 1307, 1309 (10th Cir. 1994). A contingency fee agreement to pay 25% of any past-due benefits awarded may set the amount of the Section 406(b) award so long as the amount is reasonable under the facts of the case. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 807-08 (2002).[1]

---

[1] In *Gisbrecht*, the Supreme Court noted:

> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order. In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded

Here, Plaintiff's counsel requests authorization for payment of $8,317.84 from monies withheld by the Agency from the claimant's past-due benefits.[2] This figure is obtained by subtracting the prior EAJA award in this case, $5,375.16, from $13,693.00 (ostensibly the total fee earned for work before this Court). Several factors weigh in favor of a finding that the fee request is reasonable. First, counsel has presented a contingency fee agreement, signed by Plaintiff, wherein Plaintiff has agreed that her attorneys have the right to seek as much as 25% of her past-due benefits for representation in court. Second, counsel for Plaintiff is an experienced Social Security attorney and achieved a favorable result for Plaintiff before this Court and on remand before the Agency. Third, the Fifth Circuit Court of Appeals and district courts in this circuit have acknowledged the high risk of loss inherent in Social Security appeals.[3] Finally, the actual fee requested ($13,693.00),[4] amounts to only slightly over 17% of the claimant's past-due benefits and does not offend § 406(b)(1)(A)'s limitation on fees.

**THEREFORE, IT IS ORDERED** that Plaintiff's petition for an award of attorney fees is **GRANTED**. Payment to counsel for Plaintiff from Plaintiff's past-due benefits in the

---

by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases.

*Id.* at 807-08, 122 S. Ct. at 1828, 152 L. Ed. 2d 996 (internal citations and footnotes omitted). Despite the Commissioner's suggestion, in this case the Court finds no reason to reduce the fee requested by counsel.

[2] The Agency withheld $78,772.00 from Plaintiff's past-due benefits for payment of any fee award made by this Court.

[3] *See Jeter v. Astrue*, 622 F.3d 371, 379 & n.9 (5th Cir. 2010).

[4] Of course, counsel is only seeking payment of $8,317.84, which is the balance of $13,693.00 after Plaintiff is credited for the prior EAJA award, $5,375.16. While Defendant presents authority for the position that counsel must refund and not credit the claimant the smaller award in a case where both EAJA and 406(b) awards are ordered, the Court finds under the circumstances of this case, there is no prejudice to Plaintiff, who will be left in the same position in either the case of a credit or refund. Furthermore, pursuant to the fee agreement, Plaintiff agreed that "[i]f the court awards an attorney fee out of . . . past-due benefits and also awards an EAJA fee for that same work, [she] will be refunded or credited with the amount of the smaller fee."

amount of $8,317.84 is approved, and counsel is not required to reimburse the claimant for the prior EAJA award, the same having been credited to the Plaintiff in calculating the fee award here.

This, the 19th day of August, 2020.

/s/ Jane M. Virden
U.S. MAGISTRATE JUDGE